[Crim. No. 1815. Third Dist. Jan. 21, 1943.]

THE PEOPLE, Respondent, v. WALTER W. PARRISH, Appellant.

George E. Foote and E. R. Vaughn for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Appeal from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

Defendant was charged with the murder of Frank Lore. The jury found him guilty of manslaughter. A motion for a new trial was denied. Defendant's appeal is based solely upon the ground that the evidence was insufficient to justify the verdict, it being contended that although defendant struck deceased he did so in defense of his wife, and while Lore was engaged in an unlawful act amounting to a felony, to wit, rape.

At the time of the commission of the crime defendant lived with his wife in a small house at the rear of a residence at 1624 37th Street, Sacramento, which he rented from Lore. The

latter lived in a shack less than 40 feet distant, a grape arbor with a concrete floor intervening.

Defendant, who was a salesman and collector by occupation, 43 years old, testified that on July 29, 1942 he arose as usual at 7 o'clock and proceeded with his daily work; that about 9:30 a.m. he began to feel ill, so decided to take the day off, and believing that some stimulation might be helpful had six ginger ale whiskey highballs and then returned to his home; that he parked his car in the alley adjoining the house and saw Mr. Lore in the. grape arbor; that as the latter had frequently asked him to take a drink he told him that he would have one that day, whereupon Lore brought out a bottle of wine and two glasses; that while the two were drinking together Mrs. Parrish came out and joined them; that about 1 o'clock he decided to go to bed; that he arose between 6 and 7 o'clock in the evening, and while awaiting preparation of dinner by Mrs. Parrish, went out into the grape arbor; that Lore then brought out more wine; that he (Parrish) did not drink any more but that Mrs. Parrish came out, and he discovered that she had been drinking; that the two of them returned to their house and there had an altercation about her drinking, and, becoming incensed, he decided to leave; that he took some of his clothes and departed in his car intending to go to Grass Valley, but on the way he stopped at McKinley Park and after thinking the matter over decided to return home; that he drove into the alley and stopped his car some 150 feet away from the house; that as he approached the grape arbor he heard voices and discovered Lore and his wife drinking together; that he heard Mrs. Parrish state that she had better go to bed, but when she attempted to arise she was unable to do so and Lore assisted her into the house; that he (Parrish) went around the house and looked into the bedroom window; that he saw Mrs. Parrish's head hit the pillow and not hearing anything from her he decided that she had gone to sleep; that he went around to the front of the house and stepped to the bedroom door where he saw Lore and Mrs. Parrish in a compromising position; that thereupon he grabbed Lore by the back of the neck, pulled him up and hit him in the eye, at the same time giving him a shove so that he fell back and crashed into the bedroom wall, then slumped down into a sitting position; that he tried to awaken Mrs. Parrish but was unable to do so, so slapped her several times; that she finally arose,

and, seeing Lore, asked what had happened, and when Parrish stated that he had hit him, exclaimed that she was afraid that Lore would have Parrish arrested for beating him; that thereupon Parrish asked Lore if he would sign a paper stating what he had done, and when Lore agreed he (Parrish) wrote out in unprintable language, an admission of misconduct which Lore signed; that he then told Mrs. Parrish to sign it as a witness, which she attempted to do, and he then told Lore to get out of the house and never to come back again; that Lore left and he then attempted to quiet Mrs. Parrish but she kept demanding another drink, and called to Lore to come and help her; that she kept insisting that she could see a light in Lore's house and that he was probably waiting for the police, so Parrish went over to Lore's house and found him sitting in front of the door apparently thinking over what had happened; that he asked Lore if he was all right, and Lore invited him in, whereupon he sat down beside Lore and told him that he was sorry that he had hit him; that he noticed a swelling in the corner of Lore's left eye where he had struck him; that shortly thereafter he returned home about 11 o'clock, and that he did not see Lore again. On cross-examination he said that the light was on in Lore's house when he went there and when he left.

The foregoing testimony is not in accord with that of witnesses for the prosecution. Mrs. Josephine Zetz stated that she lived next door to the residence at 1624 37th Street, but that she and her husband had made a room out of the garage in the rear and were sleeping there on the night of July 29; that from the rear window of this garage she was able to see the bedroom of the Parrish house, and that about 12:30 o'clock, after returning from a show and going to bed, she heard Mrs. Parrish scream and say, "Mr. Lore, come and help me—can somebody help me—look at my throat''; that on looking out of the window she saw a light in the Parrish bedroom; that the following day, not having seen Lore around the premises, she and her sister-in-law, Anna Zetz, went over to Lore's shack and found him dead in a sort of store room with his head shoved under a low bench or shelf. She thereupon notified the police, who arrived about 4:30 p.m.

The autopsy revealed that Lore's death had resulted from a subdural hemorrhage caused by a blow. His eyes were blackened, there were abrasions on his face, his lips were

swollen, and two teeth were knocked out. He was a little, frail man, about 73 years of age.

Anna Zetz, who resided at 1624 37th Street, testifying for the People, stated that on the night of July 29 she looked out of her back door, saw a light in Lore's shack and in the yard, and saw Lore come out of his door; that she heard Mrs. Parrish call to Lore to come and help her, and that Lore came to where she was standing in the yard crying; that she heard Lore say "You forget it this time"; that Parrish was present and she heard arguments between him and Mrs. Parrish; that about 12:30 she heard Mrs. Parrish crying and saying, "Oh, my face," and that she heard Parrish say to someone, "You mind your own business or I will make it a point to kill you"; that about 4 a.m. the light was still on in the yard and she heard someone walking around there. She also stated that she went to Lore's shack with Mrs. Josephine Zetz when they found Lore dead, and that the lights were not on there. The police also testified that the lights were not on when they arrived.

The note or purported confession written by Parrish and signed by Lore was introduced in evidence. It recited Lore's misconduct as occurring at 11:30 p.m. July 29, and contained an agreement not to press any charge against Parrish. It was exacted of Lore when in fear of his life, for Parrish testified that when he handed the pen to Lore the latter asked, "Are you going to kill me, Mr. Parrish?" Whereupon Parrish states that he laughed and said "Why, no Mr. Lore, certainly not—I hit you in the eye that is all, I am not going to hurt you."

The foregoing is substantially all of the evidence in the case. The jury saw and heard the witnesses, and were at liberty to disbelieve defendant's story that he struck Lore in defense of his wife. No questions of law are raised on this appeal, and we cannot say that there was insufficient evidence to justify the verdict of the jury.

The judgment and the order denying a new trial are affirmed.

Peek, J., and Thompson, J., concurred.